IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAJID SAMIEI-MORAD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. _____ |
| ) | |
| Metropolitan Hospice, Inc., a ) | |
| foreign corporation ) | |
| ) | |
| Defendant. ) | |

COMPLAINT & DEMAND FOR JURY TRIAL

1.      Plaintiff, MAJID SAMIEI-MORAD ("Plaintiff"), was an employee of Defendant, Metropolitan Hospice, Inc., and brings this action for unpaid minimum wages, unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff worked for Defendant as an hourly paid account and performed related duties for Defendant in, among others, Cobb County, Georgia from on or about February 2010 through April 2010.

2.      Defendant, Metropolitan Hospice, Inc., is a Delaware corporation that operates and conducts business in, among others, Cobb County, Georgia, and is therefore, within the jurisdiction of this Court.

3. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA. This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

5. Based upon information and belief, at all material times relevant to this action, Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s), as it is believed that Defendants had an annual business dollar volume of at least $500,000.

6. Defendant is engaged in interstate commerce and was so engaged during Plaintiff's employment with Defendant.

7. At all relevant times, Defendants had two or more employees of its enterprise individually engaged in commerce or whom otherwise individually meet the traditional test of individual coverage.

8. Plaintiff was individually covered by the FLSA as he utilized the instrumentalities of commerce while he performed his duties for Defendants.

9. At intermittent times relevant to this action, Defendants failed to comply with 29 USC §§ 201-209, because Plaintiff performed services for

10. During these weeks that Plaintiff was mischaracterized as an exempt employee, Defendants failed to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for hours worked in excess of 40-hours during one or more workweeks within the past 3 years.

11. Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody, or control of Defendants.

## COUNT ONE:
RECOVERY OF OVERTIME COMPENSATION

12. Plaintiff reasserts and incorporates by reference all allegations contained within paragraphs 1-12, above.

13. Plaintiff was paid an hourly rate for all hours he worked each week for Defendants.

14. Plaintiff did not receive a guaranteed salary of at least $455.00 per week for any weeks that Plaintiff worked for Defendants.

15. Plaintiff did not supervise any employees.

16. Plaintiff did not have discretion in matters of significance.

17. Plaintiff did not exercise real and substantial independent judgment related to management matters.

18. To the extent that Plaintiff did not travel across state lines in performing his duties, he was mischaracterized as exempt by Defendants.

19. During his employment with Defendants, Plaintiff regularly worked overtime hours during which time he was not paid time and one-half compensation for all said hours.

20. Defendants failed to compensate Plaintiff at one and one-half times his regular rate of pay for some of Plaintiff's overtime hours worked, in violation of the FLSA.

21. Upon information and belief, Defendants' failure to properly compensate Plaintiff for his overtime hours worked was willful and/or reckless, as Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

## COUNT TWO:
## FAILURE TO PAY MINIMUM WAGES

22. Plaintiff reasserts and incorporates by reference all allegations contained within the previous paragraphs.

23. Plaintiff is entitled to be paid at least the minimum wage for each hour that he worked throughout his employment with Defendants.

24. Defendants failed to pay Plaintiff his last paycheck.

25. Defendants willfully, intentionally, and/or recklessly failed to pay Plaintiff at least the minimum wage for each hour of service rendered to Defendants during one or more weeks of his employment, in violation of the FLSA.

## DAMAGES AND REQUESTED RELIEF

26. As a result of Defendants' intentional, willful, and reckless failure to lawfully compensate Plaintiff at an amount equal to at least the applicable minimum wage and for time and one-half for overtime hours that he worked, Plaintiff has suffered damages and incurred reasonable attorney's fees and costs.

27. As a result of Defendants' intentional, willful, and reckless violation(s) of the FLSA, Plaintiff is entitled to back wages and liquidated damages from Defendants for all hours worked in excess of 40-hours during one or more workweeks within the past 3 years and for all hours worked below the applicable minimum wage.

28. Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff demands payment of his overtime wages and/or minimum wages where applicable at the correct rate pursuant to 29 U.S.C. § 207

found to be due and owing, an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), declaratory relief pursuant to the DJA and FLSA finding that Defendant's practice of withholding Plaintiff's last paycheck and not paying at least minimum wages owed to an individual violates the FLSA, and that all hours worked should be paid at an amount at least equal to the applicable minimum wage and that all hours worked over forty in a workweek should be paid time and one-half of an employees' regular rate of pay as long as an employee is not exempt from the FLSA, pre-judgment and post-judgment interest where applicable, reasonable attorneys' fees and costs for all time worked by the attorneys of Morgan & Morgan, P.A. in prosecuting this case pursuant to 29 U.S.C. § 216(b), Plaintiff agrees that reasonable hourly rates for the employment attorneys of Morgan & Morgan, P.A. are $300 to $400 per hour, and such further relief as this Honorable Court may deem to be just and proper.

                Respectfully submitted,

                MORGAN & MORGAN, PA

        By:   s/Jennifer M. Bermel
                Jennifer M. Bermel, #794231
                2600 One Commerce Square
                Memphis, Tennessee 38103
                Tel: (901) 217-7000
                Fax: (901) 333-1897
                Email: jbermel@forthepeople.com

DATED: December 1, 2010